

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222

P 412.471.8815
F 412.471.4094
webblaw@webblaw.com

KENT E. BALDAUF, JR.
Attorney at Law

September 29, 2014

The Hon. Daniel E. O'Toole
Circuit Executive & Clerk of Court
Federal Circuit
717 Madison Pl. NW
Washington, DC 20439

> Re:    *Adjustacam Inc. v. Newegg Inc. et al.*
>        Federal Circuit Appeal Nos. 2013-1665, -1666, -1667

To the Honorable Daniel E. O'Toole:

Newegg Inc. ("Newegg") reluctantly writes this letter to the Court to explain circumstances surrounding the actions of its co-defendant and co-cross-appellant, Sakar International, Inc. ("Sakar") that have the potential to unnecessarily burden the Court if not brought to the Court's attention.

On September 24 and September 25, respectively, Sakar and Newegg filed their opening briefs. Sakar's brief is essentially identical to Newegg's. Out of Newegg's respect for this Court and the recognition that this Court has a heavy docket, as well as limited time and resources, Newegg wanted to identify the issue for the Court's benefit and provide some appropriate explanation.

In short, the duplicative briefing is the result of actions recently taken on behalf of Sakar by Sakar's outside counsel, Ezra Sutton of Ezra Sutton & Associates. Mr. Sutton copied Newegg's appeal brief essentially wholesale despite the fact that the brief that was shared with Mr. Sutton as a professional courtesy and under strict limitations on his use of the brief.

Mr. Sutton first reached out to Newegg's outside counsel concerning this appeal on September 16, 2014. This was nine days before Newegg's and Sakar's appeal briefs were due. At that belated stage of the case, Mr. Sutton inquired whether Newegg "need[ed] any sections from Sakar in order to prepare Sakar's section of the appeal brief." There was no agreement in place between Newegg and Sakar at the time to share costs, attorneys, or work product on the appeal, so Mr. Sutton's request was perplexing to Newegg. Nonetheless, Newegg spoke with Mr. Sutton about how Newegg might still be able to help him and Sakar on the appeal. Newegg offered to help incorporate Sakar's arguments into Newegg's brief to file a joint brief if Sakar would split the legal fees incurred by Newegg. Mr. Sutton declined, but agreed instead to file only a "short brief" of around ten pages with Sakar-specific arguments and record citations so as not to be duplicative of Newegg's brief or derail Newegg's briefing process. In exchange, Newegg agreed to provide Mr. Sutton with a copy of the most current draft of Newegg's brief specifically "for

Daniel E. O'Toole                          - 2 -                          September 29, 2014

reference and resource purposes." True and correct excerpts of the pertinent correspondence are attached as Exhibit A.

Instead of filing the intended "short brief" to essentially supplement Newegg's, Mr. Sutton filed a brief that is identical to Newegg's earlier draft with the exception of replacing "Newegg" with "Sakar" throughout and a few other minor changes. A few typographical errors in Newegg's draft even appeared in Sakar's as-filed opening brief. Newegg was shocked and disappointed when it saw Sakar's opening brief, as it was Newegg's intention to minimize the overall amount of briefing in this appeal. A true and correct redline comparing the draft provided to Mr. Sutton to Sakar's opening brief filed September 24 is attached as Exhibit B (with confidential information redacted).

Newegg hopes that bringing this issue to the Court's attention will help the Court avoid duplicative efforts in reviewing the parties' briefs.

Respectfully submitted,

Kent E. Baldauf, Jr.

KB/DHB:bly

cc: Counsel of Record (via ECF)