2013-1665, -1666, -1667

# United States Court of Appeals for the Federal Circuit

ADJUSTACAM, LLC,
*Plaintiff-Appellant*,

v.

NEWEGG, INC., NEWEGG.COM, INC. and ROSEWILL, INC.,
*Defendants-Cross-Appellants*,

and

SAKAR INTERNATIONAL, INC.,
*Defendant-Cross-Appellant*,

*Appeals from the United States District Court for the Eastern District of Texas in case no. 10-CV-00329, Chief Judge Leonard Davis*

**PLAINTIFF-APPELLANT'S RESPONSE TO MOTION FOR LEAVE TO FILE BRIEF FOR AMICI CURIAE GARMIN INTERNATIONAL, INC., KASPERSKY LAB, LIMELIGHT NETWORKS, INC., SAP AMERICA, INC., SAS INSTITUTE INC., AND XILINX, INC. IN SUPPORT OF CROSS APPELLANTS NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.**

Date: October 7, 2014

*/s/ John J. Edmonds*
John J. Edmonds
Stephen F. Schlather
Shea N. Palavan
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057

ATTORNEYS FOR PLAINTIFF-CROSS
APPELLANT ADJUSTACAM, LLC

# CERTIFICATE OF INTEREST

Pursuant to Federal Rule of Appellate Procedure 26.1 and Federal Circuit Rule 47.4, undersigned counsel for Plaintiff-Appellant hereby certifies that:

1. The full names of every party or amicus represented by me is:

   Adjustacam, LLC

2. The names of the real parties in interest (if the party named in the caption is not the real party in interest) represented by me is:

   None.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   Plaintiff-Appellant's ultimate parent is Acacia Research Corporation, a publicly traded company.

4. The names of all law firms and the partners or associates that appeared for any of the parties represented by me in the District Court or are expected to appear in this Court are:

   John Edmonds, Stephen Schlather, Michael Collins, Andrew Tower, Eric Robinson, Johnathan Yazdani, and Shea Palavan of COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC.
   Andrew Spangler and James Fussell of SPANGLER LAW PC.
   Louis Charles Van Cleef of L. CHARLES VAN CLEEF, ATTORNEY LAW.

Dated: October 7, 2014                    */s/ John J. Edmonds*
                                          John J. Edmonds

## TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................................. i

TABLE OF CONTENTS ............................................................................................ ii

TABLE OF AUTHORITIES ..................................................................................... iii
    Cases ................................................................................................................. iii
    Rules ................................................................................................................. iii

I.    INTRODUCTION ............................................................................................1

II.    ARGUMENT. ...................................................................................................3

III.    CONCLUSION ................................................................................................7

CERTIFICATE OF SERVICE ....................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Brilliant Optical Solutions LLC, v. Comcast Cable Communications, LLC,*
   No. 1:13-CV-00886-REB-KMT ................................................................. 2

*Highmark Inc. v. Allcare Health Management System Inc.,*
   134 S. Ct. 1744 (2014) ............................................................................... 4

*Leigh v. Engle,*
   535 F. Supp. 418 (N.D. Ill Jan. 22, 1982) .................................................. 4

*Long v. Coast Resorts, Inc.,*
   49 F. Supp. 2d 1177 (D. Nev. 1999) .......................................................... 4

*Miller-Wohl Co. v. Commissioner of Labor & Industry,*
   694 F.2d 203 (9th Cir. 1982) ..................................................................... 5

*Ryan v. Commodity Futures Trading Com'n,*
   125 F.3d 1062 (7th Cir. 1991) .................................................................... 5

*Strougo v. Scudder, Stevens & Clark, Inc.,*
   1997 WL 473566 (S.D.N.Y. Aug. 18, 1997) ............................................. 4

*Summit Data Systems, LLC v. EMC Corp. et al.,*
   No. 1:10-cv-00749-GMS ........................................................................... 2

*Voices for Choices, et al v. Illinois Bell Telephone Co.,*
   339 F.3d 542 (7th Cir.2003) ....................................................................... 5

*Vulcan Society of New York City Fire Dep't, Inc. v. Civil Service Comm'n,*
   490 F.2d 387 (2d Cir. 1973) ...................................................................... 4

**Rules**

Fed. Cir. R. 26.1 ............................................................................................... 2
Fed. Cir. R. 29 .................................................................................................. 5
Fed. Cir. R. 47.4 ............................................................................................... 2
Fed. R. App. P. 29 ............................................................................................ 2

Appellant AdjustaCam LLC ("AdjustaCam") respectfully responds to the motion filed by non-parties Garmin International, Inc., Kaspersky Lab, Limelight Networks, Inc., SAP America, Inc., SAS Institute, Inc. and Xilink, Inc. (collectively "Movants") in support of Cross Appellants Newegg Inc., Newegg.com, Inc., and Rosewill, Inc., as follows:

## I.    INTRODUCTION.

This Court should deny Movants' motion to file an amicus curiae brief in support of Newegg and its subsidiary Rosewill's (collectively "Newegg") ill-advised effort to reverse the District Court's denial of Newegg's motion for fees brought under Section 285. These purported amici are apparently members of a loose coalition of companies that collaborate with Newegg to have a law firm file "amicus" briefs in certain cases involving Section 285 motions for fees. *See* Motion for Leave to file Amici Brief in Support of Newegg's Supplemental Motion for Declaration of Exceptional Case and Award of Fees filed by **Kaspersky Lab ZAO, Limelight Networks, Inc.,** QVC, Inc., **SAS Institute, Inc.,** and **Xilinx, Inc**., Dkt No. 680 dated September 3, 2014 in the case of Site Update Solutions LLC v. **Newegg, Inc**., et al., No. 5:11-cv-03306-PSG, in the U.S. District Court for the Northern District of California; Motion for Leave to File Amici Curiae Brief in Support of Defendant Comcast's Motion to Declare Case Exceptional and Award Attorneys' Fees filed by Acushnet Company, **Kaspersky Lab ZAO**, **Limelight Networks, Inc.**, NetApp,

Inc., **Newegg Inc.**, QVC, Inc., **SAS Institute Inc.**, and **Xilinx, Inc.**, Dkt No. 115 dated August 5, 2014 in the case of *Brilliant Optical Solutions LLC, v. Comcast Cable Communications, LLC,* No. 1:13-CV-00886-REB-KMT, in the U.S. District Court for the District of Colorado; and Motion for Leave to File Amicus Curie Brief in Support of Defendant Netapp, Inc.'s Motion for Attorney's Fees and Costs filed by Citrix Systems, Inc., HTC Corporation, **Limelight Networks, Inc.**, **Newegg Inc.**, Rackspace Hosting, Inc., Safeway Inc., and **SAS Institute Inc.**, Dkt No. 248 dated August 13, 2013 in the case of *Summit Data Systems, LLC v. EMC Corp. et al.*, No. 1:10-cv-00749-GMS, in the U.S. District Court for the District of Delaware.

In view of such a close relationship between Movants and Newegg and their collective efforts to advocate for the granting of Section 285 Motions, perhaps it is not surprising that Movants' have failed to fully comply, at least the with the spirit of, Federal Circuit Rules 26.1 and 47.4, and Federal Rule of Appellate Procedure 29. These rules collectively require that an amicus brief fully identify the persons – other than the amicus curiae, its members, or its counsel – who contributed money that was intended to fund preparing or submitting the brief. *See* Fed. Cir. R. 26.1; and Fed. R. App. P. 29(c)(5)(C). Movants' brief, at footnote 1, discloses that "only Symmetry LLC contributed money that was intended to fund preparing or submitting this brief"; however, Movants fail to disclose the parent corporations or any publicly held companies that own 10 percent or more of the stock Symmetry

LLC, apparently the only party with a sufficient interest in the amicus brief to actually fund its writing.

It appears that this loose coalition of amici with a "you scratch my back, I'll scratch yours" formal or informal arrangement have filed their instant motion for leave in order to advocate on behalf of Newegg's challenge to the District Court's discretion in denying Newegg's Section 285 Motion. Further, it is readily apparent to even a casual observer that Movants have not undertaken the effort to become familiar with the factual underpinnings of the present case. Not surprisingly, Movants' motion for leave to file and accompanying brief have many similarities to the what are fairly characterized as anti-NPE amicus briefs recently filed by Newegg, Limelight, Kaspersky, SAS and Xilink and others in California, Delaware, and Colorado.

Because Movants fail to demonstrate that their proposed brief fits the limited circumstances which may make participation by an amicus curiae appropriate, the Court should deny the motion for leave.

## II.   ARGUMENT.

The Court has broad discretion over whether to allow or deny the participation of an amicus curiae, and should carefully consider the prospect of allowing this group that appears so closely aligned with Newegg to participate here. "The term 'amicus curiae' means friend of the court, not friend of a party." *Long v. Coast*

*Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). Courts deny motions for leave to file amicus briefs when they determine that the briefs are filed in support of one of the parties or are prejudicial to the other party. *See, e.g., Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill Jan. 22, 1982) ("Indeed, if the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that an amicus must be a friend of the court and not a friend of a party to the cause."); *Strougo v. Scudder, Stevens & Clark, Inc.*, 1997 WL 473566 (S.D.N.Y. Aug. 18, 1997) (citing *Vulcan Society of New York City Fire Dep't, Inc. v. Civil Service Comm'n*, 490 F.2d 387, 391 (2d Cir. 1973)).

The issue on which Movants seek to advocate is the discretionary ruling by the District Court denying Newegg's Section 285 motion for fees. *See Highmark Inc. v. Allcare Health Management System Inc.*, 134 S. Ct. 1744 (2014) (abuse of discretional standard). However, Movants fail to even inform themselves of the facts of this matter that would be relevant to determining whether any discretion was abused.

The circumstances in which it is appropriate to grant leave to file an amicus curiae brief are when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or

perspective that can help the court beyond the help that the lawyers for the parties are able to provide. *See, e.g., Voices for Choices, et al v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir.2003); *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203 (9th Cir. 1982). More broadly, this Court's rules require amici to explain why the matters asserted are relevant to the disposition of the case. Fed. Cir. R. 29(b)(2). The proposed amicus curiae brief does not meet any of the above criteria, and thus leave should be denied.

In particular, Movants do not have relevant, unique information or perspective that can help the Court beyond what the lawyers for the parties are able to provide, nor are their assertions relevant to whether the District Court abused its discretion based upon the facts of the case. Movants arguments are not the "unique information or perspective" sought by courts for permitting amicus curiae briefs. *See Ryan v. Commodity Futures Trading Com'n,* 125 F.3d 1062, 1063 (7th Cir. 1991) ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse.").

Nor is any of the information offered by Movants relevant to this Court's decision. Movants largely argue that their view of public policy favors shifting fees to NPEs. However, the Congress and Supreme Court have already balanced the relevant policy considerations, and the result of that balancing is embodied in

Section 285 and this Court's precedents. Movants' suggestion that this Court should tip the scales of justice against Plaintiff due to their assertions of the harms caused by NPE litigation or meritless patent litigation in general is irrelevant and unhelpful to this Court's impartial determination of this matter based upon the law and the particular facts of *this* case.

As noted above, Movants have taken it upon themselves to file briefs around the country in multiple cases without doing the work to tailor their arguments to the unique factual circumstances of the action in which they hope to interfere. In the present case, Movants merely accept Newegg's positions without any review of the facts, and vacuously allege that "the absurdity of Acacia's[1] infringement claim here mirrors that in *Raylon* ('The relevant facts have been set out in Newegg Inc.'s opening brief …')." Dkt No. 49, p. 13. Movants fail to provide any analysis of either this case or the *Raylon* case to support their arguments. Such conclusory statements are irrelevant and unhelpful to this Court's deciding this case based upon the law and the facts. Movants have failed to provide any unique perspective to this specific case, or to the facts of this specific case.

---

[1] Movants fail to even appreciate that the Plaintiff in this case is AdjustaCam LLC, not "Acacia."

### III.   CONCLUSION

Movants' attempt to secure leave to file an amicus brief is an abuse and waste of this Court's time and resources, and it should be denied.  The issue of whether this is an exceptional case should be decided upon the specific facts of this case. This Court should not allow itself to be used as a platform for Movants to pontificate about their anti-NPE agenda.

Dated: October 7, 2014

Respectfully submitted,

/s/ *John J. Edmonds*
John J. Edmonds
Stephen F. Schlather
Shea N. Palavan
COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone:  (281) 501-3425
Fax:  (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com
spalavan@cepiplaw.com

ATTORNEYS FOR PLAINTIFF-APPELLANT ADJUSTACAM, LLC

### CERTIFICATE OF SERVICE

I, John J. Edmonds, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

On October 7, 2014 a copy of the foregoing Plaintiff-Appellant's Response to Motion for Leave to File Brief for Amici Curiae Garmin International, Inc., Kaspersky Lab, Limelight Networks, Inc., Sap America, Inc., Sas Institute Inc., And Xilinx, Inc. in Support of Cross Appellants Newegg Inc., Newegg.Com, Inc., & Rosewill, Inc. was filed electronically with the Clerk of the Court using the CM/ECF System, which will serve via electronic mail notice of such filing to all counsel registered as CM/ECF users.

Upon acceptance by the Court of the electronically filed document, six paper copies will be filed with the Court via courier within the time provided by the Court's rules.

Dated: October 7, 2014         /s/ *John J. Edmonds*
                                John J. Edmonds

                                COLLINS, EDMONDS, POGORZELSKI,
                                SCHLATHER & TOWER, PLLC