Nos. 2013-1665, -1666, -1667

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ADJUSTACAM, LLC,
        *Plaintiff-Appellant,*

v.

NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.,
        *Defendants-Cross Appellants,*

and

SAKAR INTERNATIONAL, INC.,
        *Defendant-Cross Appellant.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS IN CASE NO. 10-CV-329
THE HONORABLE CHIEF JUDGE LEONARD DAVIS

**REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF FOR *AMICI CURIAE* GARMIN INTERNATIONAL, INC., KASPERSKY LAB, LIMELIGHT NETWORKS, INC., SAP AMERICA, INC., SAS INSTITUTE INC., AND XILINX, INC. IN SUPPORT OF CROSS APPELLANTS NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.**

STEVEN D. MOORE
**KILPATRICK TOWNSEND & STOCKTON LLP**
Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
Telephone: 415 576 0200

*Attorneys for AMICI CURIAE*

October 14, 2014

FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ADJUSTACAM, LLC  v.  NEWEGG INC., et al.

No. 2013-1665, -1666, -1667

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) amici certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:

Garmin International, Inc., Kaspersky Lab ZAO, Limelight Networks, Inc., SAP America, Inc., SAS Institute Inc., and Xilinx, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

N/A

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Garmin International, Inc. is a wholly owned subsidiary of Garmin Ltd. Kaspersky Lab ZAO is a wholly owned subsidiary of Kaspersky Lab Ltd. Investment entities affiliated with Goldman, Sachs & Co. own over 10 perecent of Limelight Networks, Inc. SAP America, Inc. is a wholly owned subsidiary of SAP SE. SAS Institute Inc. and Xilinx, Inc. have no parent corporations or 10% owners.

4. ☑ The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

STEVEN D. MOORE, KILPATRICK TOWNSEND & STOCKTON LLP, Eighth Floor, Two Embarcadero Center, San Francisco, CA 94111, Telephone: 415 576 0200

October 14, 2014                    /s/ Steven D. Moore
Date                                Signature of counsel
                                    Steven D. Moore
                                    Printed name of counsel

Please Note: All questions must be answered
cc: _____

*Amici Curiae* Garmin International, Inc., Kaspersky Lab, Limelight Networks, Inc., SAP America, Inc., SAS Institute Inc., and Xilinx, Inc. (collectively "*Amici*") respectfully submit this reply brief in support of their Motion for Leave to File Brief for *Amici Curiae* in Support of Cross Appellants.

In arguing against *amicus* participation, Adjustacam attempts to paint a long-running interest in the use of fee shifting in a negative light. Such active participation only supports a showing of interest sufficient to grant their participation. Adjustacam further relies on outdated, minority case law that courts, including this one, have not generally adopted. Neither of these arguments warrants a denial of this motion for leave to file. *Amici* respectfully suggest their insights into the effects of fee shifting, especially in the context of expert fee shifting, will be useful to the Court in deciding this case and that, therefore, their motion for leave to file should be granted.

Adjustacam cites outdated, district court cases for the proposition that an *amicus curiae* must be an entirely disinterested and impartial entity. However, courts have long ago abandoned this understanding of the role of *amici curiae*. *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.) ("[T]his description [that an amicus must be an impartial individual] became outdated long ago."); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & CATHERINE T. STRUVE, FEDERAL PRACTICE AND PROCEDURE § 3975 (4th ed. 2014) ("There is

nothing wrong, in current practice, with an amicus possessing an interest in the relevant issues. The notion of the amicus as 'impartial' became outdated long ago." (internal quotation marks omitted)). Courts routinely allow entities with pecuniary and policy interests to participate as *amici*. *Neonatology*, 293 F.3d at 131-32. Rule 29, in fact, requires a showing of interest, and the "argument that an amicus must be 'impartial' is difficult to square with this requirement." *Id*. at 131. While *amici* have no pecuniary interest in the outcome of this case, their interest in the use of fee shifting in the patent system is sufficient to meet the requirements of Rule 29. Further, there is nothing to suggest that a strong interest, evidenced by active participation in cases that warrant fee shifting, should work against them. If anything, it demonstrates a sufficiency of interest.

Adjustacam further cites other stringent requirements of the minority position from the Seventh Circuit. Dkt. No. 52, p. 4-5 (citing *Voices for Choices, et al v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir.2003); *Ryan v. Commodity Futures Trading Com'n,* 125 F.3d 1062, 1063 (7th Cir. 1991)). However, there is little evidence that other courts follow this restrictive approach. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3975. Then Judge Alito, who chaired the Advisory Committee on the Appellate Rules, authored an opinion critical of this position and instead advanced an open and practical approach. *See Neonatology*, 293 F.3d 128. Alito found no support in Rule 29 for

the Seventh Circuit's requirements. *See id.* at 130-33. For example, Rule 29 does not support requiring the inadequate representation of a party. *Id.* at 132 ("Even when a party is very well represented, an amicus may provide important assistance to the court.").

*Amici's* participation here is both desirable and relevant. Rule 29 requires only that a movant show an adequate interest, desirability, and relevance. *See id.* at 131. The mere act of filing an *amicus* brief can be useful to a court. *See* WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3975 ("In addition, some judges might find it meaningful that an amicus cares sufficiently about the issue to sustain the cost and effort of filing an amicus brief . . . ."). However, *Amici* offer the Court far more, discussing not only the policy implications of fee shifting but offering insight into the importance of the often-neglected doctrine of expert fee shifting. The application of this doctrine is directly relevant to the disposition of this case. *Amici* further discuss the implications of these issues on patent defendants and society generally. The parties do not advocate from this perspective, and the Court may find these insights useful.

Finally, Adjustacam accuses *amici* of failing to comply "with the spirit of" the Rules in their mention of Symmetry LLC. Dkt. No. 52, p. 2-3. *Amici* read the purpose of these Rules as requiring disclosure of any involvement of a party in the *amicus* process. As stated, there was no such involvement here. However, for

the sake of clarity, *Amici* state that Symmetry LLC has no parent corporation and that there are no publicly held companies that own 10% or more of Symmetry LLC's stock.

Wherefore, *Amici* respectfully request that the Court grant their Motion for Leave to File a Brief of *Amici Curiae*.

DATED: October 14, 2014         Respectfully submitted,

                                               KILPATRICK TOWNSEND & STOCKTON LLP

                                               By:  */s/ Steven D. Moore*
                                                    STEVEN D. MOORE

                                             *Attorneys for AMICI CURIAE*

FORM 19. Certificate of Compliance With Rule 32(a)

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e).

    ☑ The brief contains [ 788 ] words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), or

    ☐ The brief uses a monospaced typeface and contains [ *state the number of* ] lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

    ☑ The brief has been prepared in a proportionally spaced typeface using [ *Microsoft Word 2010* ] in [ *Times New Roman, 14 point font* ], or

    ☐ The brief has been prepared in a monospaced typeface using [     ] with [     ].

/s/ Steven D. Moore
(Signature of Attorney)

Steven D. Moore
(Name of Attorney)

Amici Curiae
(State whether representing appellant, appellee, etc.)

October 14, 2014
(Date)

Reset Fields

**Form 30**

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on October 14, 2014 by:

☐ US mail
☐ Fax
☐ Hand
☒ Electronic Means
   (by email or CM/ECF)

| Steven D. Moore | /s/ Steven D. Moore |
|---|---|
| Name of Counsel | Signature of Counsel |

Law Firm: Kilpatrick Townsend & Stockton LLP

Address: Two Embarcadero Center, Eighth Floor

City, State, ZIP: San Francisco, CA 94111

Telephone Number: (415) 576-0200

FAX Number: (415) 576-0300

E-mail Address: smoore@kilpatricktownsend.com

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.