2013-1665, -1666, -1667

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ADJUSTACAM, LLC,
Plaintiff-Appellant,

NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.,
Defendants-Cross-Appellants

and

SAKAR INTERNATIONAL, INC.,
Defendant-Cross-Appellant

Appeals from the United States District Court for the Eastern District of Texas
in Case No. 10-CV-329, Chief Judge Leonard Davis

## NON-CONFIDENTIAL REPLY BRIEF OF CROSS-APPELLANT
## SAKAR INTERNATIONAL, INC.

Ezra Sutton
EZRA SUTTON, P.A.
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, NJ 07095
Telephone: (732) 634-3520

*Counsel for Defendant-Cross-Appellant Sakar*

December 22, 2014

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Adjustacam v. Newegg, 2013-1665

CERTIFICATE OF INTEREST FOR SAKAR INTERNATIONAL, INC.

Counsel for Sakar International, Inc. hereby certifies the following:

1.    The full name of every party or amicus represented by me is:

Sakar International, Inc.

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Not applicable.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

No publicly held company owns ten percent or more stock in Sakar International, Inc.

4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Ezra Sutton, Ezra Sutton, P.A.

Dated:  December 22, 2014          /s/ Ezra Sutton
                                   Ezra Sutton
                                   *Counsel for Defendant-Cross-Appellant Sakar*

# <u>TABLE OF CONTENTS</u>

SUMMARY OF THE ARGUMENT ............................................................................1

    I.    Invalidity..................................................................................................1

    II.   Non-Infringement ..................................................................................1

    III.  Nuisance Value Settlements.................................................................3

CONCLUSION...................................................................................................3

**CONFIDENTIAL MATERIAL OMITTED**

The material omitted on page 6 reflects the terms of settlement agreements that were designated as confidential by AdjustaCam, and are subject to a protective order entered by the district court.

# TABLE OF AUTHORITIES

*Rules*

Federal Rule of Appellate Procedure 28(i) ...............................................1

## SUMMARY OF THE ARGUMENT

Pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure, Sakar International hereby adopts by reference all of the arguments and case law set forth in the Reply Brief of Cross-Appellants Newegg, Newegg.com, and Rosewill, Inc. In addition, Sakar adds the following points for further clarification.

### I. Invalidity

AdjustaCam's claims were first rejected during re-examination on August 12, 2011; the claims were again rejected in about December, 2011, and the claims were finally rejected on August 30, 2012. Thus, AdjustaCam knew its asserted claims were invalid at least as early as August 11, 2011. Between the rejections on August 2011 and August 2012, AdjustaCam was able to extract another 15 or 20 settlements, by keeping the rejected claims pending.

AdjustaCam argues that it cancelled the rejected claims after the third and final rejection by the U.S. Patent Office, and therefore it must have acted in good faith since the first rejection a year earlier on August 11, 2011. Waiting one year to cancel the rejected claims was not good faith.

### II.    Non-Infringement

AdjustaCam's expert witness, Muskavitch, admitted that Sakar's web cams did not have the structure required by the District Court in its Claim Construction Decision.

Unlike the camera covered by the'343 Patent, Sakar's accused cameras do not rotate about a single axis of rotation. Instead, Sakar's cameras include a ball and socket joint, which permits rotation about multiple axes, not just a first and second axis of rotation, as claimed in the '343 Patent.

Even though this non-infringement was apparent to AdjustaCam, they still filed this lawsuit against Sakar to extract a nuisance value settlement from Sakar.

In addition, Dr. Muskovitch, in his deposition, admitted that Sakar's webcams, with a ball and stem fixed to the camera, do not rotate about a single axis of rotation, as required by claims 1(a) and 19(a) of the '343 Patent.

**1) First Admission**
A. Yes. The stem and the ball and the camera all are -- if you are going to rotate it, they will all rotate together.
Q. Okay. So am I correct, would you be -- is it correct to say that the Kodak camera does not rotate relative to the stem and ball because they are fixed to each other?
A. That's correct. (Muskivitch Deposition, p.280, ll.4-12);
**2) Second Admission**
Q. Well, we have -- we have already talked about the relationship between the camera and the stem and ball, and we have agreed earlier -- or you agreed earlier that -- that in a Kodak webcam, there is no rotational movement between the -- the camera and the ball and stem that fits [are fixed] together. Do you remember that?
A. Yeah, sure, sure. (Id. at 308, ll.12-19); and
**3) Third Admission**
Q. Okay. But there is no relative movement between the ball and stem, which are -- and the camera, which are fixed together, correct?
A. I agree. Right. (Id. at 311, ll.14-17).

(A0297-98).

Based on the foregoing admissions by AdjustaCam's expert, there could never have been any infringement by Sakar's accused Ball-and-Socket Product.

## III.    Nuisance Value Settlements

AdjustaCam settled with 20 of the defendants for less than [███████], which is much less than the cost of litigation (A1282) and are therefore nuisance value settlements, and which were not based on a reasonable royalty rate.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be reversed, this case should be declared exceptional and egregious, and the case should be remanded for a determination of the amount of attorneys' fees and expert fees owed to Sakar.

Additionally, AdjustaCam's appeal should be dismissed for lack of subject matter jurisdiction, as previously argued.

Respectfully submitted,

Dated:  December 22, 2014

By:  /s/ Ezra Sutton
Ezra Sutton
EZRA SUTTON, P.A.
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, NJ 07095
Telephone: (732) 634-3520
*Counsel for Defendant-Cross-Appellant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that the body of this brief, beginning with the Summary of the Argument on page 4, and ending with the last line of the conclusion on page 6, including headings, footnotes, and quotations, contains 607 words, in compliance with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i).

/s/ Ezra Sutton
Ezra Sutton
*Counsel for Defendant-Cross-Appellant*

## CERTIFICATE OF SERVICE

This is to certify that on December 22, 2014, copies of the foregoing Brief of Defendant-Cross-Appellant were served on all counsel that appear on the service list below via email.

- Kent E. Baldauf, Jr., Attorney
- Daniel H. Brean, Attorney
- Anthony W. Brooks, Attorney
- Mr. Yar Roman Chaikovsky
- John J. Edmonds
- Mr. Richard Gregory Frenkel, Attorney
- Mr. Mark A. Lemley
- Laura Miller
- Steven Moore, Attorney
- Mr. Shea Neal Palavan, Attorney
- Edward R. Reines
- Mr. Stephen F. Schlather

/s/ Ezra Sutton
Ezra Sutton
*Counsel for Defendant-Cross-Appellant*