

**CEPIP**

COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

March 31, 2015                                                                                                VIA CM/ECF

Daniel E. O'Toole
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20005

    Re:    Supplemental Authority in *AdjustaCam LLC v. Newegg, Inc., et al.*
              Nos. 2013-1665, -1666, -1667

Dear Mr. O'Toole:

    Pursuant to FRAP 28(j), plaintiff-appellant respectfully submits the attached decision in *Biax Corp. v. Nvidia Corp.*, No. 2013-1649 (Fed. Cir. Feb. 24, 2015) (nonprecedential), which issued after briefing was closed in this case.

    Even under the deferential abuse of discretion standard of the *Highmark* case, *see Highmark v. Allcare Health Mgt. Sys.*, 134 S.Ct. 1744, 1747 (2014), the *Biax* court reversed a district court's exceptional case finding under 35 U.S.C. § 285, because the district court's claim construction order did not foreclose Biax's claim construction position and because that position was reasonable under the district court's construction. *Biax*, Slip Op. at p. 11.

    In the present case, appellees argue that the District Court erred in denying their Section 285 motions in part because they contend that AdjustCam's infringement theories were baseless. However, the District Court rejected appellees' argument because, *inter alia,* it held that: (1) "the constrained ball and socket joint could meet the claim limitation which requires the hinge member being rotatably attached to the camera along a single axis of rotation," (A0006); (2) "one could reasonably argue that Defendants' products meet the 'rotatably attached' limitation" (A0006); and (3) "AdjustaCam's infringement theories are not objectively baseless" (A0006). In the present case, AdjustaCam's infringement positions were fully consistent with the District Court's claim construction ruling. But even if AdjustaCam's infringement positions might arguably have been at odds with the district court's construction (whether deemed clear or ambiguous) of "rotatably



March 31, 2015
Page 2

attached" (which they were not), at a minimum, the District Court determined that its claim construction order did not foreclose AdjustaCam's infringement position, which was reasonable. *See, e.g.,* (A0006).

The fact that *Biax* resulted in reversal under the deferential *Highmark* standard compels affirmance of the District Court's ruling in this case. Further, including for the reasons that the pre-*Octane* district court ruling in *Biax* was reversed rather than remanded, the pre-*Octane* ruling in this case should be affirmed (including under a more deferential standard) rather than remanded.

For at least these reasons, *Biax* supports the affirmance of the District Court's ruling in this case.

Sincerely,

COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC

John J. Edmonds

cc: Counsel of record by CM/ECF

1616 S. Voss, Ste. 125          1851 E. First St., Ste. 900
Houston, TX 77057               Santa Ana, CA 92705