EXHIBIT A

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

───────────────

**BIAX CORPORATION,**
*Plaintiff-Appellant*

**v.**

**NVIDIA CORPORATION,**
*Defendant-Cross Appellant*

**SONY COMPUTER ENTERTAINMENT AMERICA,
INC. SONY ELECTRONICS, INC.,**
*Defendants-Cross Appellants*

───────────────

2013-1649, 2013-1653, 2013-1654

───────────────

Appeals from the United States District Court for the District of Colorado in No. 09-CV-1257, Judge Philip A. Brimmer.

───────────────

Decided: February 24, 2015

───────────────

CHRISTIAN C. ONSAGER, Onsager Guyerson Fletcher Johnson, Denver, Colorado, argued for plaintiff-appellant. Also represented by ANDREW D. JOHNSON.

MARK S. DAVIES, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for defendant-cross appellant, Nvidia Corporation. Also represented by CHRISTOPHER R. OTTENWELLER, INDRA NEEL CHATTERJEE, Menlo Park, CA; DONALD E. DAYBELL, CHRISTINA MARIE VON DER AHE, Irvine, CA; ALEX V. CHACHKES, New York, NY; BRIAN PHILIP GOLDMAN, San Francisco, CA.

DAVID ROKACH, Kirkland & Ellis LLP, Chicago, IL, argued for defendants-cross appellant, Sony Computer Entertainment America, Inc., Sony Electronics Inc.

PETER MCCREERY LANCASTER, Dorsey & Whitney LLP, Minneapolis, Minnesota, argued for amicus curiae, Dorsey & Whitney LLP.

––––––––––––––––––––

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

DYK, *Circuit Judge.*

Biax Corporation ("Biax") appeals the district court's grant of attorneys' fees to Nvidia Corporation ("Nvidia"), Sony Computer Entertainment America, Inc., and Sony Electronics, Inc. (collectively, "Sony") pursuant to 35 U.S.C. § 285. Nvidia and Sony cross-appeal the district court's denial of attorneys' fees against Dorsey & Whitney LLP ("Dorsey"), Biax's trial counsel, pursuant to 28 U.S.C. § 1927. We reverse the district court's grant of fees under § 285 and affirm the district court's denial of fees under § 1927.

BACKGROUND

Biax is the owner of U.S. Patent Nos. 5,517,628 ("the '628 patent") and 6,253,313 ("the '313 patent"), which share a common specification and relate to parallel pro-

cessing computer systems.  Biax sued Nvidia and Sony for infringement of unspecified claims of the '313 and '628 patents on May 29, 2009.[1]  At the time, Biax did not

--------

[1]    Biax subsequently asserted, *inter alia*, claims 3–5, 8, 9, 12–16, 19–21, 24, and 25 of the '313 and claims 1, 9–14, 16, 17, 25, 26, and 29 of the '628 patent.  Claim 1 of the '628 patent is representative and provides:

A computer comprising:

a general purpose register file comprising at least two general purpose registers;

a condition code register file distinct from said general purpose register file, having a plurality of addressable condition code registers, each condition code register for representing a condition code value as a small number of bits summarizing the execution or result of a previously-executed instruction;

a processor element configured to execute instructions, including condition-setting instructions that each produce a condition code value for storage in one of said condition code registers;

a branch execution unit configured to execute conditional branch instructions that each determine a target instruction for execution based on analysis of a condition code value from one of said condition code registers; and

a condition code access unit configured to act in response to condition-selecting instructions, at least one of said condition-selecting instructions being one of either said condition-setting instructions or said conditional branch instructions, said condition-selecting instructions for selecting from

4                    BIAX CORPORATION v. NVIDIA CORPORATION

specify particular products it alleged to infringe, but generally accused "graphics systems which employ a plurality of condition code registers." J.A. 265–67. On February 15, 2012, the district court granted Nvidia's and Sony's motions for summary judgment of non-infringement. Biax appealed, challenging, *inter alia*, claim construction under the theory that the district court improperly read limitations from claim 2, which requires that condition code registers be shared by all processor elements, into all of the asserted claims.[2]    This court

---

said condition code register file a condition code register for at least one of:

> storing into said selected condition code register a condition code value produced by one of said condition-setting instructions, and

> fetching from said selected condition code register a condition code value for analysis by one of said conditional branch instructions;

> said selecting being by direct addressing on a condition code address field of the condition-selecting instruction.

'628 patent, col. 50 ll. 10–43

[2]    Claim 2 provides:

The computer of claim 1 further comprising:

at least one additional processor element configured to execute instructions including condition-setting instructions that each produce a condition code value for storage in one of said condition code registers;

each said processor element being enabled to deliver the condition code values produced by said

affirmed without opinion. *Biax Corp. v. Nvidia Corp.*, 498 F. App'x 998 (Fed. Cir. 2013).

On April 27, 2012, during the pendency of Biax's prior appeal to this court, Nvidia and Sony filed a motion for attorneys' fees under both 35 U.S.C. § 285 and 28 U.S.C. § 1927. On March 30, 2013, the district court granted-in-part Nvidia and Sony's motion, awarding fees against Biax under § 285 but denying them against Dorsey under § 1927. In granting fees under § 285, the district court applied the then-prevailing standard articulated in *Brooks Furniture Manufacturing, Inc. v. Dutailier International Inc.*, 393 F.3d 1378 (Fed. Cir. 2005), and its progeny, which required that a defendant demonstrate that the litigation was objectively baseless and brought in subjective bad faith in order to be entitled to fees. *Id.* at 1381.

The district court found objective baselessness and bad faith (based on the continued assertion of an objectively baseless claim) and awarded fees for the period between Biax's expert's deposition and the district court's summary judgment decision. The district court reasoned that its 2010 claim construction orders foreclosed Biax's infringement contentions, but that Biax nonetheless continued to pursue litigation until the court issued its summary judgment order in 2012. Specifically, the dis-

---

condition-setting instructions to condition code registers of said condition code register file, said condition code register file being shared by said processor elements, a condition code value produced by any of said processor elements being readable by said branch execution unit.

'628 patent, col. 50 ll. 44–55.

trict court found that Biax's litigation position was objectively baseless because Biax "persistent[ly] disregard[ed] . . . the Court's unambiguous statements in orders," and that Biax "aggressively pursu[ed] this litigation [in the district court], even after the unequivocal statement of its own expert that defendants' devices could not infringe the asserted patents . . . ." J.A. 13. On these findings, the district court awarded fees from the time Biax's expert (supposedly) admitted that Biax had no infringement position under the district court's claim construction orders to the time when the district court decided summary judgment.

The district court denied Nvidia's and Sony's motion for fees pursuant to § 1927, explaining that Dorsey did not "exceed[] the bounds of zealous advocacy." J.A. 22.

Biax appealed the district court's award of fees under § 285. Nvidia and Sony cross-appealed the district court's denial of fees under § 1927. While the appeals were pending, the Supreme Court decided *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), and *Highmark Inc. v. Allcare Health Management System, Inc.*, 134 S. Ct. 1744 (2014), which changed the standard for awarding fees under § 285 and the standard for our appellate review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

Section 285 provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In *Octane Fitness*, the Supreme Court rejected the *Brooks Furniture* standard, explaining that "there is no precise rule or formula for making" a determination as to whether a case is exceptional. *Octane*

*Fitness*, 134 S. Ct. at 1756 (quotation and citation omitted). It is a case-by-case determination based on considering the totality of the circumstances. *Id.* Such an exceptional case is "rare." *Id.* at 1757. But, if the case "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated," it is "exceptional" under the meaning of the statute. *Id.* at 1756. Thus, objective reasonableness remains a relevant factor. An abuse-of-discretion standard applies in reviewing all aspects of a district court's § 285 determination. *Highmark*, 134 S. Ct. at 1747.

We do not read the district court's fee award here as being based on Biax's continued disagreement with the district court's claim construction that claim 2's requirement, that "condition code register file[s be] shared by said processor elements," '628 patent, col. 50 ll. 44–55, was an element of the asserted claims and that the asserted claims required "that any processor element is able to access any condition code register . . . ." J.A. 1157. Certainly Biax was entitled to seek reconsideration of that claim construction in the district court and challenge on appeal what it regarded to be an incorrect claim construction.[3] But Biax could not continue to assert its infringement claims in the district court unless it had an objectively reasonable infringement position under the

---

[3]    Indeed, after claim construction, Biax continued to argue that the "shared by all processor elements" limitation was incorrectly imported into claim 1 from claim 2 or that the claim construction only applied to claim 2. We ultimately rejected these arguments. *See Biax*, 498 F. App'x at 998.

district court's claim construction. The district court held that Biax had no such reasonable position.

Determining whether the district court was correct that Biax had no reasonable theory of infringement after claim construction requires an understanding of Biax's argument as to infringement. Biax initially accused products containing various graphical processor units ("GPUs") of infringement. The GPUs at issue are computer chips, each containing a number of sub-units called "shaders." Shaders are specially designed processing engines, capable of quickly modifying graphical data for presentation to the end user. The shaders on the accused chips have one or more processors and multiple code registers associated with them. The processor(s) for a particular shader can access all of that shader's own code registers. But, the processors cannot access the code registers on other shaders.

Following claim construction, Biax argued that individual shaders were infringing products and that processors on a particular shader need only access condition code registers associated with that same shader—that is, it was not necessary for the processors on an accused shader to access condition code registers throughout the chip. According to Biax, because a shader taken in isolation met the stipulated definition of a "computer" (which is not in dispute) and met the other limitations of claim 1, each shader taken in isolation infringed. Thus, according to Biax, even under the district court's claim construction it had a reasonable infringement position, and continued prosecution of the action in the district court was not objectively baseless or in bad faith.

In awarding attorneys' fees under § 285, the district court here disagreed, holding that, first, Biax's "own expert conceded that the processors in defendants' chips

cannot access all of the condition code storage locations," and second, the language in its claim construction orders precluded Biax's scope argument. J.A. 12.

As to the first ground, the district court misread the expert's testimony. The testimony in question came from a deposition of Biax's expert in which counsel for the defendants asked: "[i]n informing your infringement opinions for the '313 patent, did you apply a requirement that condition code storage locations are shared by all processor elements?" J.A. 5. The witness clarified: "[b]y all processor elements [on the chip]? No." *Id.* Subsequently, counsel for defendants asked again "if there is a requirement that processor elements need to access any of the condition code registers or condition code storage locations *in the chip*, then [the chip] doesn't infringe?" *Id.* (emphasis added). To this, the witness responded: "[i]t doesn't infringe that requirement, no. But there is no such requirement." *Id.* Contrary to the district court's interpretation of the exchange, Biax's expert did not admit that Biax had no infringement positions under the district court's claim construction. Indeed, at oral argument in our court, counsel for defendants admitted that the expert did not say that there is no infringement if one considers only the individual shaders. *See* Oral Ar. Tr. at 19:55–20:14 (The Court: "[The expert's testimony] doesn't say that there is no infringement if you consider the individual shaders?" Counsel: "No, no it doesn't say that, your honor.").

Nor did the district court's pre-summary judgment claim construction foreclose Biax's infringement position. The claim construction did not require that processors must be able to access condition code registers on a chip-wide basis. In its claim construction order, the court noted that, "while defendants are correct that any processor element is able to access any condition code register,

their argument to include within the definition of 'condition code register' a reference to multiple processor elements sharing the condition code register is a more limited definition than Claim 1 requires." J.A. 1157. This statement did not resolve claim construction for two reasons. First, it suggested that single processor devices could infringe claim 1. Second, what is noticeably absent from this statement is a clarification of scope—that is, "able to access any condition code register" on *what*? Must a processor element in an accused product only access every condition code register associated with that shader? Or, must a processor element be able to access every condition code register on the entire chip?

After the district court issued its claim construction order, the defendants filed a motion for clarification. In it, they requested that the district court "clarify" its order by modifying the construction of "condition code register" to include the requirement that "any processor element is able to access any condition code register." J.A. 1171. The district court rejected this proposed clarification. The court quoted its prior claim construction order and reasoned that, "in the event there is only one processor element, that processor element is capable of accessing any of the condition code registers for storing condition code values" and that "the claim language already accounts for the shared access to condition code registers upon the introduction of additional processor elements." J.A. 1203 (quotations and citation omitted). Additionally, the court stated that "the claim language clearly provides that the condition code storages are accessible by each of said processor elements." *Id.* (quotations and citation omitted). This clarification order did nothing to resolve the ambiguity as to whether the shared-by-all limitation applied on a shader-by-shader or chip-by-chip basis; if anything, the district court's claim construction orders

appeared to suggest that the claim limitations apply to each shader separately and not to all processors and all condition code registers on the chip.

It was not until summary judgment that the district court finally resolved the uncertainty.  For the first time, the district court expressly announced that "[t]he attempted isolation of a single processor element does not change the fact that any particular processor element in the accused chips [must be capable] of accessing all condition code registers and that any particular condition code register [must be] shared by all of the other processor elements which exist within *the accused chips*."  J.A. 1991 (emphasis added).  Thus, it was not until a year and half after the claim construction orders that the district court finally answered the "on *what*" question against Biax. Biax's claim construction position, that the asserted claims read onto individual shaders, was reasonable under the district court's claim construction orders, especially in light of the stipulated definition of "computer," which was met by the individual shaders.[4]

Because neither the expert testimony nor the claim construction orders foreclosed Biax's position and there was nothing unreasonable about Biax's infringement position, the basis for the district court's award of fees no longer exists.  Thus, even applying the deferential standard of review under *Highmark*, the district court's fee award must be set aside.  In some cases decided under the old *Brooks Furniture* standard, we have remanded for the district court to consider whether the case is "exceptional" in light of the new *Octane Fitness* standard.  *See, e.g.,*

---

[4]    The parties stipulated that "computer" meant "a device that receives, processes, and presents data." Appellant's Br. 10.

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 572 F. App'x 988 (Fed. Cir. 2014). A remand is not necessary here because neither the defendants nor the district court has suggested any basis for awarding fees other than the lack of objective reasonableness, and the resulting bad faith from continuing to litigate an objectively baseless position. Therefore, we reverse rather than vacate the fee award.

## II

In addition to asking for fees under 35 U.S.C. § 285, the defendants also asked for fees from Dorsey under 28 U.S.C. § 1927. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The district court denied this basis for the fee award. It found that Dorsey did not "exceed[] the bounds of zealous advocacy." J.A. 22. The defendants appeal that denial.

Under Tenth Circuit law, an assessment of fees under § 1927 is appropriate "only in instances evidencing a serious . . . disregard for the orderly process of justice." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (quoting *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985)). Attorney conduct that is "objectively unreasonable" and manifests "either intentional or reckless disregard of the attorney's duties to the court" is sanctionable. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008) (quoting *Braley*, 832 F.2d at 1512). The defendants have not argued that making an objectively reasonable argument

could support sanctions under § 1927, and the district court did not abuse its discretion by deciding to deny fees under § 1927. The denial of fees under § 1927 is affirmed for the same reasons we reverse the award of fees under 35 U.S.C. § 285—because § 1927 is inapplicable when the lawyer puts forth only objectively reasonable arguments in the absence of bad faith. Therefore, we need not address whether the "unreasonabl[e] and vexatious[]" standard of § 1927 under Tenth Circuit law is more stringent than the "exceptional" standard of § 285.

## CONCLUSION

We affirm the district court's denial of fees under 28 U.S.C. § 1927 and reverse the award of fees under 35 U.S.C. § 285.

**AFFIRMED-IN-PART, REVERSED-IN-PART**

## COSTS

Costs to appellant Biax Corporation.