**Richard G. Frenkel**
Direct Dial: +1.650.463.3080
rick.frenkel@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM&WATKINS LLP

April 3, 2015

**VIA CM/ECF**

Daniel E. O'Toole
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20005

>     Re:    Supplemental Authority in *AdjustaCam LLC v. Newegg, Inc., et al.*,
>            Appeal Nos. 2013-1665, -1666, -1667

Mr. O'Toole:

Defendants-Cross-Appellants Newegg Inc., Newegg.com, Inc., and Rosewill, Inc. (collectively, "Newegg") respectfully respond to the Notice of Supplemental Authority submitted on March 31, 2015 by Plaintiff-Appellant AdjustaCam, LLC.

Newegg agrees with Adjustacam that *Biax Corp. v. Nvidia Corp.*, No. 2013-1649 (Fed. Cir. Feb. 24, 2015) supports the notion that when this Court finds clear error, this Court can and should reverse rather than remand under *Octane Fitness*. While AdjustaCam posits that *Biax* "compels affirmance," *Biax* in fact strongly supports reversal.

*Biax* confirmed that "objective reasonableness remains a relevant factor" for exceptionality, and that advancing an unreasonable infringement position in light of a claim construction supports fee-shifting. Slip Op. at 7-8. Although *Biax* ultimately found that the plaintiff there did not run afoul of the district court's claim construction, that reversal was based on this Court's finding clear error where the district court fundamentally misunderstood the plaintiff's expert's testimony as being contrary to the construction. *Id.* at 9 ("[T]he district court misread the expert's testimony."). Likewise, here the district court ignored key admissions from AdjustaCam's expert and misinterpreted the accused products as a result. *See, e.g.,* Newegg Br. at 15-17; A0005-06. It then compounded this clear error by ignoring its own claim construction, and thus failed to see how objectively baseless AdjustaCam's position was. *Id.* Under *Biax*, this is precisely the kind of abuse of discretion that warrants reversal.

LATHAM&WATKINS LLP

 Following the lead of *Biax*, which did not merely accept the district court's findings but independently reviewed them, this Court can and should meaningfully review the district court's findings on the merits. Newegg Br. at 44 (arguing that under *Highmark* "this Court has the power to police the district courts in their exercises of discretion, and the Supreme Court undoubtedly intended that reviewing courts would step in to ensure that Section 285 was administered in a fair and just manner."). Performing that searching review in this case reveals that it would be an abuse of discretion to find AdjustaCam to have taken reasonable positions. Thus, reversal—not remand—is appropriate because it serves the interest of both justice and judicial efficiency.

              Best regards,

              Richard G. Frenkel
              of LATHAM & WATKINS LLP

cc: Counsel of record by CM/ECF