2013-1665, -1666, -1667

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ADJUSTACAM, LLC,

Plaintiff-Appellant,

v.

NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.,

Defendants-Cross-Appellants

and

SAKAR INTERNATIONAL, INC.,

Defendant-Cross-Appellant

Appeals from the United States District Court for the Eastern District of Texas
in Case No. 10-CV-329, Chief Judge Leonard Davis

### NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.'S
### OPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS

Kent. E. Baldauf, Jr.
Daniel H. Brean
Anthony W. Brooks
THE WEBB LAW FIRM
One Gateway Center
420 Fort Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 471-8815

Richard G. Frenkel
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 463-3080

Mark. A. Lemley
Laura E. Miller
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666

Yar R. Chaikovsky
McDERMOTT, WILL &
EMERY
275 Middlefield Rd., Suite 100
Menlo Park, CA 94025
Telephone: (650) 815-7447

*Counsel for Defendants-Cross-Appellants Newegg, Inc.,
Newegg.com, Inc., and Rosewill, Inc.*
May 4, 2015

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

AdjustaCam v. Newegg, 2013-1665

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Newegg Inc. hereby certifies the following:

1.      The full name of every party or amicus represented by me is:

> Newegg Inc.; Newegg.com, Inc.; Rosewill, Inc.

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

> Not applicable.

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

> No publicly held company owns ten percent or more stock in Newegg Inc.; Newegg.com, Inc.; or Rosewill, Inc.

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

> Kent E. Baldauf, Jr., The Webb Law Firm
> Daniel H. Brean, The Webb Law Firm
> Anthony W. Brooks, The Webb Law Firm
> Herbert A Yarbrough, III, Yarbrough & Wilcox, PLLC
> Debra Elaine Gunter, Yarbrough Wilcox, PLLC
> John N. Zarian, Parsons Behle & Latimer
> Robert A. Matson, Parsons Behle & Latimer
> Justin Neil Stewart, Parsons Behle & Latimer
> Dana M. Herberholz, Parsons Behle & Latimer

Christopher Cuneo, Parsons Behle & Latimer
Edward R. Reines, Weil Gotshal & Manges LLP
Richard G. Frenkel, Latham & Watkins LLP
Yar R. Chaikovsky, McDermott Will & Emery
Mark A. Lemley, Durie Tangri LLP
Laura E. Miller, Durie Tangri LLP


Dated:  May 4, 2015                    /s/ Daniel H. Brean_____
                                       *Counsel for Defendants-Cross-Appellants*
                                       *Newegg, Inc. Newegg.com, Inc., and*
                                       *Rosewill, Inc.*

Pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927, Defendants-Cross-Appellants Newegg Inc., Newegg.com, Inc.; and Rosewill, Inc. (collectively, "Newegg") hereby move the Court to sanction Plaintiff-Appellant AdjustaCam and its counsel John J. Edmonds, by ordering them to pay Newegg its attorneys' fees, expenses, and costs incurred in defending against AdjustaCam's frivolous appeal.[1]

AdjustaCam's appeal concerning claim construction issues should never have been brought because the patent litigation on the merits was mooted when AdjustaCam dismissed all claims against Newegg with prejudice and covenanted not to sue Newegg in the future.  It is unreasonably burdensome for Newegg to have to defend against such a frivolous appeal, not to mention the undue burden on the Court to review and consider the appeal.

Any reasonably diligent litigant and counsel would have reached the unavoidable conclusion that AdjustaCam's appeal was frivolous.  Indeed, at oral argument this Court expressed disbelief that AdjustaCam thought there was jurisdiction for its appeal, characterized AdjustaCam as "very close to filing a frivolous appeal to get another brief," and found it "very distressing. . . that you'd file an appeal for a case that you dismissed as moot."  *See, e.g.,* April 7, 2015 Oral

---

[1] Because neither Rule 38 nor § 1927 includes any time limit for seeking fees on appeal, this motion is timely filed under Federal Circuit Rule 47.7(a)(2), as it is filed within 30 days of the entry of judgment on appeal (which has not yet been entered).

Arg. Tr. (*available at* http://www.cafc.uscourts.gov/oral-argument-recordings), at 5:10-5:25. But, consistent with AdjustaCam's having taken objectively baseless positions against Newegg in this lawsuit all along, AdjustaCam proceeded anyway.

AdjustaCam and its counsel, John J. Edmonds, should have to at least pay Newegg's expenses for responding to the frivolous appeal. Given the deterrence purpose of Rule 38[2] and the serious waste of judicial resources caused by frivolous appeals like AdjustaCam's, Newegg believes that such punitive sanctions are warranted for bringing an obviously moot appeal.

Counsel for AdjustaCam indicated that AdjustaCam opposes this motion.

## I.    FACTUAL BACKGROUND[3]

In the district court litigation that gave rise to the present appeal, the district court ruled against AdjustaCam on a critical claim construction issue—whether the claimed rotatable elements of the patented camera clip were limited to a single axis of rotation. A0020-23. Months after losing on claim construction, and with summary judgment imminent, AdjustaCam moved to dismiss all of its claims against Newegg with prejudice, and covenanted not to sue Newegg in the future to

---

[2] Rule 38 shares similar policy concerns with the fee-shifting provisions of 35 U.S.C. § 285, which include "the need in particular circumstances to advance considerations of compensation and deterrence" in light of considerations such as "frivolousness." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 n4 (2014) (quoting *Fogerty* v. *Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

[3] References and citations herein refer to the briefing and the joint appendix filed in the above-captioned appeal and cross-appeal.

extinguish Newegg's declaratory judgment counterclaims.    A1986-87.    The litigation on the merits was thereby concluded and mooted.

Newegg subsequently filed a motion for attorneys' fees under 35 U.S.C. § 285 demonstrating, *inter alia*, that under the district court's claim construction infringement was impossible.  Newegg's motion was denied and became the subject of Newegg's appeal to this Court.  Although AdjustaCam had never taken any steps to keep the claim construction issue alive (e.g., stipulated to summary judgment of non-infringement for purposes of appeal), AdjustaCam nonetheless appealed to this Court, contending that this Court had jurisdiction over the claim construction issue "because final judgment was entered in the case on August 20, 2013."  Dkt. No. 26, at 1 (citing A0001).

What AdjustaCam neglected to mention is that the "final judgment" had nothing to do with the claim construction issues in the case.  The final judgment did not resolve any infringement or validity issues, but was a formality concluding the case because Newegg's fee motion (the final matter that required adjudication before the district court) was decided the previous day.  A0004.  In fact, AdjustaCam carefully tried to conceal the fact that the final judgment was irrelevant to its appeal—in the entirety of AdjustaCam's opening brief, it never mentions that the case concluded when it dismissed Newegg and provided Newegg with a covenant not to sue.  Rather, AdjustaCam only mentions that the case ended via a "final

judgment," but never once stated what the context for that judgment was. *See, e.g.* Dkt. No. 26, at 1-2. Reading AdjustaCam's brief would (presumably by design) lead one to conclude that the final judgment reflected some kind of ruling on infringement or invalidity, when it in fact reflected neither. Whether the intent behind AdjustaCam's appeal was simply "to get another brief" (Oral Arg. Tr. at 5:10-25) or to improperly attempt to obtain a more favorable claim construction, AdjustaCam's effort to conceal the absence of a continuing case or controversy suggests that the frivolous nature of the appeal was known to AdjustaCam and its counsel when the appeal was filed.

Newegg, in its opening brief for its cross-appeal, called out the glaring jurisdictional defect in AdjustaCam's claim construction appeal. Dkt. No. 40, at 51-54. Newegg cited this Court's precedent showing the well-settled and clear law requiring a continuing case or controversy over the underlying merits of a lawsuit in order for this Court to reach claim construction issues. *Id.* (citing *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1354 (Fed. Cir. 2012) ("[W]here, as here, a party's claim construction arguments do not affect the final judgment entered by the court, they are not reviewable.") and *Jang v. Boston Sci. Corp.,* 532 F.3d 1330, 1336 (Fed. Cir. 2008) (resolving claim construction issues "that do not actually affect the infringement controversy between the parties" would result in impermissible advisory opinion)). Newegg at this time expressly characterized AdjustaCam's

7

appeal as frivolous and noted that "[t]his frivolous appeal only compounds the exceptionality of this case and causes Newegg to incur further needless legal expenses." Dkt. No. 40, at 51.

Instead of conceding that its appeal was frivolous, AdjustaCam doubled down. It proceeded to cherry pick language from various precedent in an objectively unreasonable manner, making such outlandish and baseless claims as: (1) contending that any dismissal with prejudice in any context allows a reviewing court to hear "all appeals on all issues" (Dkt. No. 91, at 58); (2) arguing that as long as final judgment is entered in a case, "all underlying issues in a case" can be appealed (Dkt. No. 91, at 59); and (3) positing that the controversy between AdjustaCam and Newegg remained live because Newegg's fee motion challenges AdjustaCam's infringement theory under the claim construction given by the district court, even though AdjustaCam's opposition to the fee motion did not challenge the construction (Dkt. No. 91, at 59).

Newegg pointed out in its reply brief that the precedent cited by AdjustaCam in no way supported AdjustaCam's frivolous arguments attempting to avoid the mootness of its case. Dkt. No 74, at 17-21. Specifically, Newegg explained that when the Supreme Court said that "[t]he controversy therefore remains live" in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 n.7 (2005), it was merely observing that a parallel state court judgment was reviewable and thus the

case could not be moot—it was not suggesting that any dispute between the parties creates an Article III case or controversy. Dkt. No 74, at 20. Newegg showed that the *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) never allowed for the mere existence of a final judgment to literally make "all underlying issues" properly within this Court's jurisdiction on appeal. Dkt. No 74, at 19. And Newegg made it clear that when *Chamberlain Group, Inc., v. Skylink Technologies, Inc.*, 381 F.3d 1178, 1190 (2004)) said that a dismissal with prejudice allowed the court to hear "all appeal on all issues," it was plainly deciding whether non-patent claims, in addition to patent claims, could be appealed to the Federal Circuit. Dkt. No 74, at 19-20. Newegg again expressly indicated that AdjustaCam's appeal was frivolous and indicated that AdjustaCam should pay Newegg's fees pertaining to the appeal. Dkt. No. 74, at 18, 21.

Despite having all legal authority against it, and not having even attempted to present a good faith argument to expand existing law, AdjustaCam proceeded undeterred to oral argument. At the hearing, unsurprisingly, Mr. Edmonds remained unable to articulate any valid basis for the Court exercising jurisdiction over AdjustaCam's appeal. In fact, Mr. Edmonds immediately conceded that AdjustaCam's appeal would lack jurisdiction in the absence of Newegg' cross appeal (even though every appeal must have an independent jurisdictional basis), and that the case was "moot" at least when the claims were cancelled in

reexamination, back when the case was still pending at the district court. Oral Arg. Tr. at 1:20-2:15. Yet Mr. Edmonds still maintained that a case or controversy existed for its appeal.

Judge Plager then questioned "how you're standing up there" when "you don't have a case" because the case was dismissed. *Id.* at 3:30-4:15. In response to AdjustaCam's effort to characterize the situation presented by this appeal as unique and unprecedented, Judge Hughes noted that AdjustaCam could have argued its claim construction positions as part of the attorneys' fees case, but "you can't argue that you have a case." *Id.* at 4:55-5:10 ("You should be over there [at the Appellee's table], you shouldn't be over here [at the Appellant's table]."); *see also id.* at 5:35-5:45 (Judge Plager expressing disbelief, noting that "[y]ou had to recognize that you don't have a case when you started down this road")

Ultimately, Judge Hughes rebuked AdjustaCam's behavior as "very close to filing a *frivolous appeal* to get another brief. It is *very distressing* to me that you'd file an appeal for a case that you dismissed as moot." *Id.* at 5:10-5:25 (emphasis added).

For the reasons expressed herein, Newegg submits that the case is not merely "close to" frivolous, it brazenly crossed the line into frivolous territory—as filed and as argued—and should not go unsanctioned.

## II.    LEGAL STANDARDS

Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Under the advisory notes to Rule 38, this Court has considerable discretion when deciding what damages are appropriate in a Rule 38 violation: "damages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant."

There are essentially two ways that an appeal may be frivolous under Rule 38: (1) frivolous as filed; and (2) frivolous as argued.  *Constant v. United State*s, 929 F.2d 654, 658 (Fed. Cir. 1991).  As this Court's practice notes make clear, the Court has "established the policy of enforcing [Rule 38] vigorously."  This is because "[t]he filing of and proceeding with clearly frivolous appeals constitutes an unnecessary and unjustifiable burden on already overcrowded courts, diminishes the opportunity for careful, unpressured consideration of nonfrivolous appeals, and delays access to the courts of persons with truly deserving causes."  *Asberry v. United States Postal Service*, 692 F.2d 1378, 1382 (Fed. Cir. 1982).

Along these same lines, § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys'

fees reasonably incurred because of such conduct." This Court has also required payment by attorneys personally, pursuant to Rule 38, when those attorneys are responsible for frivolous appeals. *See, e.g., Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1583 (Fed. Cir. 1995); *Sys. Div., Inc. v. Teknek, LLC,* 298 Fed. Appx. 950, 957 (Fed. Cir. 2008).

## III.   ARGUMENT

Proceeding with an appeal that is "obviously moot" is frivolous and warrants shifting fees. *See, e.g., Nasatka*, 58 F.3d at 1583 ("Because Nasatka has persisted in frivolously pursuing an obviously moot appeal, sanctions are imposed on his attorney which require the attorney to pay Delta's costs and reasonable attorney fees on appeal incurred after July 5, 1994."); *Sys. Div.*, 298 Fed. Appx. at 956.

In *Systems Division*, the appellant sought relief in this Court to set aside a contempt order entered against it in the underlying action. 298 Fed. Appx. at 955. However, that underlying litigation had settled, and incident to that settlement the contempt order was already vacated. *Id.* at 951. Thus, although the appellant wanted this Court to take action to correct alleged errors in the contempt order, the Court plainly lacked jurisdiction in the absence of a continuing case or controversy. *Id.* at 954-55 ("The Trustee's appeal is moot because none of the remedies he requests grants him any effectual relief or makes any difference to his legal interest.").

After dismissing the appeal as moot, this Court further held that the appeal was frivolous and ordered the appellant's counsel to pay the appellee's attorneys' fees. *Id.* at 956-57. As the Court explained, "[t]he Trustee's appeal is frivolous because he persisted even when the appeal became incontrovertibly moot upon the issuance of the Stipulated Settlement." *Id.* at 956. In deeming the case frivolous and before issuing sanctions, the Court emphasized the fact that "the [appellant] should have reconsidered his arguments" once it became clear that there were serious concerns about jurisdiction, but the appellant "offered no new arguments and was unfamiliar with our precedent on frivolousness." *Id.* (viewing the appellant as "careless").

In *Nasatka*, the district court dismissed Nasatka's complaint, without prejudice, for failure to conduct an adequate pre-filing investigation under Rule 11. 58 F.3d at 1579. Nasatka appealed, but before his opening appeal brief was due the district court, on a motion for reconsideration, vacated the Rule 11 sanctions order and reversed its finding concerning an inadequate pre-filing investigation. *Id.* at 1580. This Court recognized that the case was moot, explaining that "a decision by this court in favor of Nasatka could not afford him any relief more meaningful than that which Nasatka can obtain by simply refiling his complaint, as he is free to do given that it was dismissed without prejudice." *Id.* at 1581. In short, because the relief being sought from this Court "[could] make no difference to his legal interest,"

13

the case had to be dismissed.  *Id.*  And because the mootness was "obvious[]," the appeal was deemed frivolous and fees were shifted.  *Id.* at 1582.  Once the case was mooted, the Court held, Nasatka should have dismissed his appeal, but instead he "unnecessarily wasted scarce judicial resources and imposed costs on the appellee."  *Id.*

As in *Systems Division*, AdjustaCam's case was "obviously" and "incontrovertibly moot" once it dismissed Newegg with prejudice and covenanted not to sue Newegg.  The law is crystal clear on this point.  *See, e.g., SanDisk*, 695 F.3d at 1354; *Jang,* 532 F.3d at 1336.  And like the appellant in *Systems Division*, AdjustaCam never provided the Court with any reasonable defense of its argument concerning jurisdiction.  Whether pressed by the Court at oral argument or via Newegg's briefing, AdjustaCam never gave any ground or offered any new arguments after the fatal flaw in its appeal was exposed.  Thus, not only was this case frivolous as filed, but also as argued.  *See also supra* (discussing AdjustaCam's tortured reading of precedent to try to save its frivolous appeal).

Like the appellants in both *Systems Division* and *Nasatka*, this Court could not possibly have ever afforded AdjustaCam any relief even if it agreed with AdjustaCam on the claim construction issue being appealed.  Under straightforward and rudimentary principles of jurisdiction, the obvious mootness of the case and the absence of a judgment that could be affected by a favorable decision plainly preclude

this Court from ever hearing AdjustaCam's appeal.  The fact that AdjustaCam tried to sweep the issue under the rug by not being candid with the Court as to the nature of the "final judgment" entered in the case evidences bad faith and further counsels in favor of fee shifting.

Had AdjustaCam wished to challenge the district court's claim construction, it could have done so by stipulating to non-infringement under the allegedly erroneous construction, or raised the issue when opposing Newegg's motion for attorneys' fees.  What it cannot do is dismiss its case outright and then seek to revive it via a frivolous appeal.  The fact that Newegg and this Court were both forced to expend time and resources addressing AdjustaCam's separate frivolous appeal warrants fee shifting to compensate Newegg and deter such misconduct in the future.

## IV.    CONCLUSION

For the foregoing reasons, Newegg respectfully requests that the Court deem AdjustCam's appeal frivolous and order AdjustaCam and its counsel John J. Edmonds, jointly and severally, to pay Newegg its fees, expenses, and costs incurred in defending against AdjustaCam's appeal and in bringing the present motion. Newegg believes that these punitive sanctions are justified to deter future misconduct.[4]

---

[4] Newegg intends to donate all damages awarded by this Court to a charitable legal aid organization that assists those in need of legal assistance but cannot afford it.

A declaration is submitted herewith demonstrating that the amount of fees, expenses, and costs incurred by Newegg in addressing and responding to AdjustaCam's appeal totaled $29,735.19.  Should the Court further award Newegg its fees incurred in bringing the present motion, Newegg reserves the right to provide the Court with supplemental information showing the fees associated with the present motion.

Respectfully submitted,

Dated:  May 4, 2015              By: /s/ Daniel H. Brean
                                     Kent E. Baldauf, Jr.
                                     Daniel H. Brean
                                     Anthony W. Brooks
                                     THE WEBB LAW FIRM
                                     One Gateway Center
                                     420 Fort Duquesne Blvd.
                                     Suite 1200
                                     Pittsburgh, PA 15222
                                     Telephone:  (412) 471-8815

                                     Mark. A. Lemley
                                     Laura E. Miller
                                     DURIE TANGRI LLP
                                     217 Leidesdorff Street
                                     San Francisco, CA 94111
                                     Telephone: (415) 362-6666

                                     Richard G. Frenkel
                                     LATHAM & WATKINS LLP
                                     140 Scott Drive
                                     Menlo Park, CA 94025
                                     Telephone: (650) 463-3080

Yar R. Chaikovsky
McDERMOTT, WILL & EMERY
275 Middlefield Rd., Suite 100
Menlo Park, CA 94025
Telephone: (650) 815-7447

*Counsel for Defendants-Cross-Appellants*
*Newegg, Inc. Newegg.com, Inc., and*
*Rosewill, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on May 4, 2015, a copy of the foregoing document was

served on counsel for Plaintiff-Appellant AdjustaCam, LLC and counsel for

Defendant-Cross-Appellant Sakar International, Inc. via electronic mail upon the

following:

John J. Edmonds (jedmonds@cepiplaw.com)
Shea Neal Palavan (spalavan@cepiplaw.com)
Stephen F. Schlather (sschlather@cepiplaw.com)
COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER PLLC
1616 South Voss Road
Houston, TX 77057

Ezra Sutton, Attorney (esutton@ezrasutton.com)
EZRA SUTTON, P.A.
Suite 201
900 Route 9
Woodbridge, NJ 07095

/s/ Daniel H. Brean
*Counsel for Defendants-Cross-Appellants*
*Newegg, Inc. Newegg.com, Inc., and*
*Rosewill, Inc.*