2013-1665, -1666, -1667

### United States Court of Appeals
### for the Federal Circuit

ADJUSTACAM, LLC,
*Plaintiff-Appellant,*

v.

NEWEGG, INC., NEWEGG.COM, INC. and ROSEWILL, INC.,
*Defendants-Cross-Appellants,*

and

SAKAR INTERNATIONAL, INC.,
*Defendant-Cross-Appellant,*

*Appeals from the United States District Court for the Eastern District of Texas in case no. 10-CV-00329, Chief Judge Leonard Davis*

**PLAINTIFF/APPELLANT'S RESPONSE IN OPPOSITION TO NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS**

Date: May 28, 2015

*/s/ John J. Edmonds*
John J. Edmonds
Stephen F. Schlather
Shea N. Palavan
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057

ATTORNEYS FOR PLAINTIFF-
APPELLANT ADJUSTACAM, LLC

Plaintiff/Appellant, AdjustaCam, LLC ("AdjustaCam"), respectfully responds in opposition to the Motion for Attorneys', Expenses and Costs (the "Motion for Sanctions") filed by Defendants/Cross-Appellants, Newegg, Inc., Newegg.com, Inc. and Rosewill, Inc. (collectively "Newegg"), as follows:

## I.    Introduction.

AdjustaCam's appeal of the District Court's construction of the term "rotatably attached" was not frivolous. Irrespective of whether this Court determines that the appeal was properly brought, should it feel the need to make such a determination rather than denying Newegg's motion outright, at a minimum AdjustaCam had a reasonable, good faith belief that there remained a "live" controversy in this case concerning the construction of "rotatably attached," specifically whether rotatably attached objects were limited to a "single axis of rotation."  This live controversy was a result of Newegg first filing its appeal contending that the District Court had erred in denying Newegg's motion brought under 35 U.S.C. § 285, a motion which was based primarily upon Newegg's contention that AdjustaCam's infringement theory was baseless due to the parties' dispute over whether Newegg's webcam products met the "single axis of rotation" limitation, both before and after the "rotatably attached" term was construed by the District Court. *See* A0195 (Newegg's notice of appeal); A006 (Order denying Newegg's § 285 motion stating, *inter alia*, that "[s]ince one could reasonably argue Defendants' product meets the 'rotatably attached' limitation, AdjustaCam's infringement theories are not objectively baseless.").

Although the District Court found that AdjustaCam's infringement contentions were reasonable even under its construction of "rotatably attached," Newegg's appeal would almost necessarily fail if the District Court's disputed "single axis of rotation" limitation had not been a proper limitation on the "rotatably attached" term.  Rather than risk being precluded from arguing

that the District Court's construction of "rotatably attached" was incorrect, including through waiver or estoppel, and in the absence of any on-point authority precluding a cross-appeal on this issue asserted in Newegg's appeal, AdjustaCam took the reasonable and prudent step of filing what amounts to a cross-appeal to preserve its right to dispute this specific issue, including to show that it did not have baseless infringement thories in the District Court proceedings. Notably, Newegg now admits that AdjustaCam could have properly argued this claim construction issue as part of AdjustaCam's response to Newegg's appeal of the District Court's Section 285 ruling. Newegg's Motion, p. 10. However, Newegg erroneosly asserts it was "unreasonably burdensome for Newegg to have to defend" against these very same arguments. Newegg's Motion, p. 4.

## II.    Background Facts.

This is a patent infringement suit involving U.S. Patent No. 5,855,343 (the "'343 patent"). As the case progressed, Newegg was the beneficiary of multiple settlements by webcam manufacturers such as HP and Gearhead, which licensed most of the infringing sales made by Newegg. Brief at Doc. 69, pp. 12-13; A0343; A1992. Once Newegg's infringement liability was reduced to just the relatively small sales of its own Rosewill-branded webcams, AdjustaCam voluntarily moved to dismiss Newegg from this case for strategic reasons, including streamlining the case to focus on the larger remaining defendant, Sakar. Brief at Doc. 69, p. 12; A0343; A1992-A1993.

While AdjustaCam's opposed motion to dismiss Newegg was pending, reexamination proceedings, which were instituted by an anonomyous petitioner, resulted in cancellation of all Asserted Claims of the '343 patent. Brief at Doc 69, p. 13; A0343; A1993. While AdjustaCam disputed the USPTO's cancellation of the Asserted Claims, it did not appeal the cancelation so that multple new and amended claims could issue with a reexamination certificate. Brief at Doc 69, pp.

13-14; A0343; A1993. Because all Asserted Claims had been canceled, AdjustaCam took the prudent and necessary step of also dismissing Sakar from the lawsuit. Brief at Doc 69, p. 21; A1993.    At this point, both Newegg and Sakar agreed to be dismissed since all asserted claims were canceled in reexamination. Brief at Doc 69, pp. 13-14; A0258; A0284.003; A1993.[1]

Newegg complains that "AdjustaCam had never taken any steps to keep the claim construction issue alive," such as stipulating to non-infringement. Newegg's Motion, p. 6. However, AdjustaCam had no reason to stipulate to non-infringement because Newegg infringed the claims as construed.  Although AdjustaCam's initial motivation to dismiss its claims against Newegg was due to Newegg's suppliers settling and Newegg's larger co-defendant having no damage expert of its own, once all asserted claims were canceled in reexamination, AdjustaCam had no choice but to dismiss a case based upon canceled claims.  Newegg's Motion for Sanctions simply ignores the fact that Newegg kept the controversy "alive" over "rotatably attached" when it appealed the District Court's Section 285 ruling alleging that AdjustaCam had baselessly asserted that Newegg's products met that claim element.

Continuing its recent, well publicized but generally unsuccessful course of over-aggressively pursuing fees and alleging frivolity,[2] Newegg appealed the discretionary denial of its Section 285 motion (and it has now filed an overreaching motion for sanctions).

---

[1] Had the asserted claims not been canceled during reexamination, AdjustaCam would have gone to trial against Sakar, and depending on the results of that trial the construction of "rotatably attached" could have been appealed.  However, with all asserted claims canceled on reexamination, there could be no trial on the merits.

[2] *See, e.g., Site Update Solutions LLC v. Accor North America Inc., et al.*, 5:11-cv-03306-PSG, Doc No. 692 (N.D.Cal. Feb. 11, 2014) (denying Newegg's renewed motion for fees); *Macrosolve, Inc. v. Antenna Software, Inc., et al.*, No. 6:11-cv-00287-MHS-KNM, Doc 573 (E.D. Tex Oct. 16, 2014) (denying Newegg's motion for fees); *Pragmatus Telecom v. Newegg,* No. 12-1533-RGA (D. Del. July 25, 2014) (denying Newegg's motion for fees); *SFA Systems v. 1-800-Flowers.com, et al.,* No. 6:09-cv340 (E.D. Tex. July 7, 2014) (denying Newegg's motion for fees); *Digitech Image Technologies, LLC v. Newegg, Inc.,* 2013 WL 5604283, No. 8:12-CV-01688-ODW, Doc No. 473 (C.D.Cal., Oct. 11, 2013) (denying Newegg's motion for fees); *E.Digital Corp. v. Creative Labs, et al.*, Civ. A. No. 12-cv-2879-DMS, Doc 46 (S.D. Cal. October 1, 2013) (denying Newegg's motion for fees); *Site Update Solutions LLC v. Accor North America Inc et al.*, 5:11-cv-03306-PSG, Doc No. 666 (N.D. Cal. June 18, 2013) (denying Newegg's motion for fees).

The Magistrate Judge presiding over claim construction proceedings rejected both sides' proposed constructions for "rotatably attached," but "resolved the parties dispute" by stating that rotatably attached connections are limited to a single axis of rotation. Brief at Doc 69, p. 16; A022. Both sides appealed the Magistrate Judge's contructions to the Distric Court, which affirmed the Magistrate Judge's ruling in all respects. A0012.

Newegg's and Sakar's unsuccessful Section 285 motions were based primarily upon the assertion (which the District Court rejected – A006) that AdjustaCam's infringement positions were frivilous because Newegg alleged that its cameras failed to meet the "single axis of rotation" limitation for the "rotatably attached" element in the claims of the '343 patent. A1785 and A0296. Newegg and Sakar had alleged that AdjustaCam's infringement positions were baseless both before and after this term had been construed by the District Court. *Id.*

On September 17, 2013, Newegg appealed both the order denying its Section 285 motion *and* it appealed the District Court's Final Judgment, which, consistent with the Order denying Newegg's Section 285 motion, ordered that the parties "take nothing and that all pending motions are DENIED AS MOOT," and that "[a]ll costs are to be borne by the party that incurred them." A002. Newegg's Notice of Appeal stated in relevant part that "[n]otice is hereby given that defendants Newegg Inc., Newegg.com Inc., and Rosewill, Inc. appeal to the United States Court of Appeals for the Federal Circuit from the following orders and judgments: i. Final Judgment, entered in this action on August 20, 2013 (Dkt. # 762)…" A0195.

Because Newegg's appeal maintained the controversy over whether AdjustaCam's infringement position based on the "rotatably attached" was baseless, in an abundance of caution, AdjustaCam followed Newegg's notice of appeal with a notice of appeal of its own,[3] which

---

[3] Although AdjustaCam's appeal was in substance a cross-appeal brought about by the filing of Newegg's notice of appeal, because both notices were filed on the same day, consistent with this Court's rules, AdjustaCam, the plaintiff,

references the same Final Judgment that Newegg had purported to appeal in Newegg's notice of appeal.[4]  Although the District Court properly held that AdjustaCam's infringement positions were reasonable in view of its construction of "rotabably attached," A006, AdjustCam filed its notice of appeal based upon a good faith belief that Newegg's appeal maintained a justiciable case or controversy over whether AdjustaCam's infringement position and asserted consruction of "rotatably attached" was baseless, because it was unaware of (and Newegg has not raised) any authories specifically on point for a situation in which Newegg's appeal maintains a controversy over the reasonable scope of the "rotatably attached" term, and to avoid arguments over whether AdjustaCam had waived or would be estopped from arguing a position on the correct construction of "rotatably attached," either during the appeal or on remand. *See, e.g., Lazare Kaplan Int'l, Inc. v. Photoscribe Technologies, Inc.,* 714 F.3d 1289, 1293 (Fed.Cir.2013) (failure of file cross appeal waived issue); *Odetics, Inc. v. Storage Tech. Corp*., 185 F.3d 1259, 1275 (Fed.Cir.1999) (failure of file cross appeal waived issue); *Tronzo v. Biomet, Inc*. 236 F.3d 1342, 1347 (Fed. Cir. 2001) (failure to appeal issue barred raising it on remand); *TM Patents, L.P. v. IBM Corp*., 72 F.Supp.2d 370 (S.D.N.Y.1999) (applying collateral estoppel to claim construction).

At oral argument, AdjustaCam readily conceded that it could not have appealed had Newegg not maintained the controversy over "rotatably attached" by first appealing the District Court's denial of Newegg's Section 285 Motion. Transcript of Oral Argument from Appeal No. 2013-1665, Argument Date 2015-04-07 ("Transcript") at 1:21-1:28. AdjustaCam reasonably argued that there were not cases directly on point, that it believed it had a duty to raise the issue on appeal (*see* above regarding potential waiver or estoppel), and that it believed that Newegg's

---

was designated as the appellant.
[4] Although Newegg claims it was frivolous for AdjustaCam to appeal from the District Court's Final Judgment, Newegg provides no explanation for why it initiated the appellate process by filing a notice appealing the Final Judgment when its re

appeal of the Section 285 ruling and the positions underlying that appeal maintained a case or controversy between the parties. Transcript, 1:21-1:28; 1:38-2:50; 4:35-5:00; 5:23-5:35. Newegg did not, and in its Motion for Sanctions has not, cited any cases squarely addressing this particular situation brought about by Newegg's appeal and Newegg's claim construction contentions underlying its appeal.

In its Motion for Sanctions, Newegg appears to have conceded that AdjustaCam could have argued its claim consturction position in defense of the District Court's ruling. Newegg's Motion, p. 10. With the spector of waiver or estoppel relieved, AdjustCam has prudently filed a motion to withdraw its appeal, a motion which Newegg does not oppose. AdjustaCam's voluntary withdrawal of its disputed appeal should, at a minimum, weigh against the extreme relief of sanctions.

This Court has properly recognized the reputational impact of sanctions, *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 953 (Fed.Cir.2010), and the applicable facts and law do not warrant such relief in this case.[5]

## III.    AdjustaCam's Appeal Was Not Frivolous.

AdjustaCam's appeal (which was, in substance, a cross-appeal deemed appropriate based upon the issues that Newegg was putting in controversy in its appeal) was not frivolous, including because it was filed as a matter of prudence to avoid the spector of waiver or estoppel,[6] because there appears to be no cases directly on point to the present situation caused by Newegg's appeal and the basis for that appeal, and because AdjustCam was resonable in relying on general

---

[5] In fact, Newegg does not even seek compensation for attorney's fees allegedly expended addressing arguments it alleges were frivolous. Instead, perhaps hoping it would make it more likely for this Court to award sanctions if they benefited a good cause, Newegg's Motion states that it intends to devote any sanctions proceeds to charity. Newegg's Motion, p. 14, n. 4.

[6] *See, e.g., Lazare Kaplan, supra; Odetics, supra.*

principles regarding the creation of a case or controversy.

Although AdjustaCam's infringement positions were meritorious under the District Court's claim construction ruling, A006, Newegg's misunderstanding and distortion of that ruling led Newegg to erroneously allege that AdjustaCam's infringement positions lacked merit on the "single axis of rotation" limitation of the "rotatably attached" element. Without their erroneous interpretation of the "single axis of rotation" requirement, Newegg would not be advancing any non-infringement arguments, and their Section 285 arguments would largely be a nullity and could not possibly succeed.

Under these circumstances wherein Newegg's arguments for an exceptional case finding were based upon AdjustaCam's asserted scope of the "rotatably attached term," both before and after that term was construed by the District Court, AdjustaCam was reasonable in believing in good faith that the controversy over the proper scope of the "rotatably attached" term remained live. In fact, and as set forth above, it was the very appeal and contentions of Newegg that kept the scope of this term in controversy.

In its prior briefing, AdjustaCam noted there is no case or controversy, and a suit becomes moot, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 133 S.Ct. 1017, 1023 (2013); Doc 90, p. 62. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* Newegg's Motion for Sanctions fails to address the Supreme Court's prounouncements in *Chafin* or how AdjustaCam acted frivolously in reasonably relying in good faith on those general principles of law.

In its prior briefing, AdjustaCam also noted that dismissals divest this Court of jurisdiction

only if "[t]he parties were left in the same legal position with respect to [all] patent claims as if they had never been filed." *Allergan, Inc. v. Athena Cosmetics, Inc.*, 738 F.3d 1350, 1353 (Fed. Cir. 2010) ("We have jurisdiction over this case because the parties were not left in the same legal position as if the '105 patent claim had never been filed."); Doc 90, p. 61.  Newegg's Motion for Sanctions fails to address these principles set forth in *Allergan* or how AdjustaCam acted frivolously in reasonably believing in good faith that Newegg's appeal sought to leave parties in different legal positions, because it sought attorney's fees from AdjustaCam, based in part upon what had been, and what remained, a disputed construction of the "rotatably attached" term.

 Newegg's reliance upon the *SanDisk* case as supporting its frivolousness argument is misplaced.  Although the facts of *SanDisk* are not on point with the facts underlying this appeal, in *SanDisk* this Court held that dismissed claims must "present a current infringement controversy." *SanDisk Corp. v. Kingston Technology Co., Inc.,* 695 F.3d 1348, 1353 (Fed. Cir. 2012).  Even if this Court concludes that AdjustaCam's withdrawn appeal was erroneously brought, AdjustaCam was reasonable in believing in good faith that the non-infringement and claim construction grounds urged in Newegg's appeal presented a "current infringement controversy." Similarly, Newegg's reliance upon the *Jang* case as supporting its frivolousness argument is also misplaced, because the non-infringement and claim consruction grounds urged in Newegg's appeal can be reasonably be seen as affecting the infringement controversy. *See Jang v. Boston Sci. Corp.,* 532 F.3d 1330, 1336 (Fed.Cir.2008) (an appeal must "affect the infringement controversy").

 Newegg takes issue with AdjustaCam's reliance upon *Exxon Mobil* because it involves different facts, but *Exxon Mobil* does reasonably stand for the proposition that appellate jurisdiction exists if the controversy "remains live."  *See Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 291 n.7 (2005). Even if this Court deems AdjustaCam to have been erroneous in filing its appeal, AdjustaCam was not frivolous in beliving that there remains a "live" controversy between AdjustaCam and Newegg regarding the proper scope of the rotatably attached term in the patent-in-suit.

Newegg also takes issue with AdjustaCam's citation to cases involving the Final Judgment rule. However, the purpose of citing those cases was to respond to arguments made in Newegg's Response Brief, and the thrust of AdjustaCam's argument was that the dismissal should not *per se* preclude an appeal when a case or controversy remains, here on account of Newegg's appeal of the Section 285 ruling, based primarily upon its contention that AdjustaCam's position regarding "rotatably attached" was baseless.

Newegg's reliance upon the *Nasatka* and *Systems Division* cases is also misplaced. In *Nasatka,* the appellant was sanctioned for appealing a dismissal without prejudice when nothing prevented it from simply re-filing its complaint. *See Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1581 (Fed. Cir. 1995). In *Systems Division*, the appellant's counsel was sanctioned after appealing to set aside a contempt order that had already been vacated. *Sys. Div., Inc. v. Teknek, LLC*, 298 Fed. Appx. 950, 957 (Fed. Cir. 2008). In contrast to those cases, it cannot be said that AdjustaCam acted frivolously in filing what was in substance a cross-appeal when there are not authorities specifically on point for these facts involving a Section 285 appeal centered on a claim construction issue, and to avoid arguments over whether AdjustaCam had waived or would be estopped from arguing positions on the correct construction of "rotatably attached," either during the appeal or on remand. Further, Newegg has now conceded that AdjustaCam could have made the same claim construction arguments, had they been made in response to Newegg's contentions on the Section 285 issues involving the "rotatably attached" term.

Newegg argues that the Final Judgment was "just a formality" that should have not been the subject of AdjustaCam's appeal. If so, then Newegg comes to this Court with unclean hands in seeking sanctions against AdjustaCam for appealing the Final Judgment. Newegg was the first party to appeal the Final Judgment when it specifically referenced the Final Judgment in its notice of appeal. It was, in fact, the filing of Newegg's notice of appeal that caused AdjustaCam, in an abundance of caution, to file its own notice of appeal that appealed the same judgment identified in Newegg's notice of appeal, reasonably believing there was a continuing case or controversy over that judgment inasmuch as it was tied to the Section 285 ruling at issue.

Newegg's Motion alleges that AdjustaCam's appeal was "frivolous as filed" and "frivolous as argued." However, the main point asserted in AdjustaCam's briefing and at oral argument was that there were not cases directly on point, that it believed it prudent to raise the issue on appeal (see above regarding potential waiver or estoppel), and that it believed that Newegg's appeal of the Section 285 ruling and the positions underlying that appeal maintaind a case or controversy between the parties. Whether or not the Court deems AdjustaCam's positions to be meritorious, respectfully they were not frivolous. At a minimum, the lack of cases directly on point, the general principles of law applicable to cases or controversies, the spector of waiver or estoppel being asserted if AdjustaCam took no action to protect its rights, and the issues appealed by Newegg, alone or in combination, at least show that AdjustaCam acted reasonably and in good faith.

## IV.     Newegg's Section 1927 Claim Likewise Lacks Merit.

For at least the same reasons stated above that Newegg's claim for sanctions under Rule 38 lack merit, its claim under 28 U.S.C.A. § 1927 lacks merit as well. The harsh remedy of Section 1927 relief is reserved for rare cases in which an attorney "multiplies the proceedings…unreasonably and vexatiously." Under controlling Fifth Circuit precedent, which

Newegg fails to cite, "[p]unishment under this statute is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in." *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 535 (5th Cir.1996). The facts here are that AdjustaCam filed what was in substance a cross-appeal only after Newegg had filed its notice of appeal, and based upon the reasonable, good faith belief that it needed to act prudently to avoid waiver or estoppel, and to protect its legal rights. No proceedings have been "multiplied," including because Newegg had already filed an appeal that centered around the scope of the "rotatably attached" term. There has been no "unreasonable or vexatious" conduct on the part of AdjustaCam or its counsel. In fact, Newegg has conceded that AdjustaCam could have made the same arguments regarding the proper scope of the "rotatably attached" term had it not filed an independent appeal. Further, including due to Newegg's concession, AdjustaCam has prudently withdrawn its appeal, which relieves this Court of any burden of ruling on its merits.

## V.    Newegg's Allegations of Concealment Lack Merit.

Grasping for reasons to justify its overreaching motion for sanctions, Newegg meritlessly alleges that AdjustaCam "tried to conceal" that the Final Judgment was irrelevant to its appeal. The fact of the matter is that AdjustaCam's opening brief focused on the correct construction of the "rotatably attached" term, something Newegg has conceded AdjustaCam has the right to do on this appeal. AdjustaCam's opening brief did not seek to justify this Court's jurisdiction over its appeal because Newegg had not yet filed a brief challenging it. Once Newegg filed its responsive brief challenging jurisdiction over AdjustaCam's appeal, AdjustaCam appropriately responded and addressed the issues raised by Newegg. Newegg's suggestion that AdjustaCam needed to anticipate Newegg's jurisdictional arguments and preempt them in AdjustaCam's opening brief is nothing more than baseless overreaching. Further, Newegg approaches this issue with unclean

hands, because Newegg has never explained, in its briefing or even now, why it appealed the District Court's Final Judgment when its was only disputing the denial of its Section 285 motion.

Clearly the penultimate issue on this appeal – as that issue was framed by Newegg – is whether the District Court erred in denying fees under Section 285 in view of Newegg's allegations that AdjustaCam's infringement positions were baseless in view of the proper scope of the "rotatably attached term."   There could be no concealment of this central issue to the appeal. AdjustaCam appropriately responded to the jurisdictional arguments raised by Newegg in AdjustaCam's reply brief, which was the proper time and procedual vehicle for doing so.

## VI.    Newegg's Motion for Sanctions is Untimely.

The Court's practice note accompanying Federal Rule of Appellate Procedure 38 states that, "[i]f an appellee or respondent considers an appeal or petition frivolous, the appellee or respondent must file a separate motion with that allegation…. A party whose case has been challenged as frivolous is expected to respond or to request dismissal of the case."   Rather than filing its Motion for Sanctions as contemplated by the practice note (*e.g.*, when AdjustaCam filed its notice of appeal), Newegg filed its motion after briefing was closed and after oral argument, even though Newegg has pointed to nothing stated at oral argument that had not already been argued in AdjustaCam's briefing.

At oral argument over this matter, it seemed clear that the Court was disinclined to reverse a discretionary ruling on Newegg's Rule 285 motion, and that it appeared inclined to remand the District Court's pre-*Octane* ruling for further consideration in view of *Octane*, which would presumably render moot AdjustaCam's appeal.   In any event, since Newegg's Motion for Sanctions appears to concede that AdjustCam need not have filed a cross-appeal to avoid waiver or estoppel with respect to the "rotatably attached term," and an an effort to act prudently and

reasonably, AdjustaCam has now voluntarily dismised/withdrawn its appeal, as this Court's practice note contemplates.

AdjustaCam does not contend that Newegg has waived its Motion for Sanctions by being unopposed to AdjustaCam's withdrawal of its appeal. However, AdjustaCam's voluntarily withdrawal of its appeal, and the untimeliness of Newegg's Motion for Sanctions, should weigh against assessing the harsh relief requested by Newegg, irrespective of this Court's view of the ultimate merits of AdjustaCam's appeal.

## VII. Newegg's Fee Claim is Undocumented and Excessive, and if anything, it suggests that Newegg Did Not Deem AdjustaCam's Positions to Be Frivolous.

Newegg' alleges, without any meaningful support except the *ipse dixit* its counsel, that it expended $29,735.19 in fees responding to AdjustaCam's appeal, which Newegg arrived at by merely estimating that 15% of its counsel's time was spent attending to this task. Assuming an average hourly rate of $500 per hour, it stretches credibility that Newegg's counsel spent almost sixty hours researching and briefing the jurisdiction issues that they allege are so clear cut as to render AdjustaCam's positions frivolous. If this estimate does indeed represent the amount of time researching these issues, it supports AdjustaCam's reasonable belief that there are not authorities directly on point to the present set of facts created by Newegg's contentions set forth in its appeal. Otherwise, Newegg would not have had to spend such a significant amount of time researching and briefing issues it contends are so clear cut. More likely, to the extent that the $29,735.19 estimate might be deemed credible or adequately supported, it likely represents a significant amount of time spent briefing the claim construction issues that Newegg has conceded that AdjustaCam could raise in response to Newegg's challenge to the District Court's denial of its Section 285 motion.

Newegg's overreach in making an excessive and poorly supported fee claim for addressing

issues it alleges are clear cut, also weighs toward the denial of the extreme relief of sanctions sought by Newegg.

**VIII.   Conclusion.**

For the foregoing reasons, Plaintiff/Appellant AdjustaCam, LLC respectfully requests that the Court deny Newegg's Motion for Sanctions in its entirety.


Dated: May 28, 2015                    Respectfully submitted,

                                       */s/ John J. Edmonds*
                                       John J. Edmonds
                                       COLLINS, EDMONDS, POGORZELSKI,
                                       SCHLATHER & TOWER, PLLC
                                       1616 South Voss Road, Suite 125
                                       Houston, Texas 77057
                                       Telephone:  (281) 501-3425
                                       Fax:  (832) 415-2535
                                       jedmonds@cepiplaw.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all counsel of record on May 28, 2015 by CM/ECF.

Respectfully submitted,

*/s/ John J. Edmonds*
John J. Edmonds
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC